**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

DENNIS NELSON,
                Plaintiff,

    v.                                          No. 06-CV-1146
                                                         (NAM/DRH)
MR. SCOGGY, Counselor; MS. L.
GILLIS, Department of BHU; MS. FRAISHER,
Doctor; and R. QUINN, Corrections Officer,

                Defendants.

---

**APPEARANCES:**                                  **OF COUNSEL:**

DENNIS NELSON
94-B-0694
Plaintiff Pro Se
Great Meadow Correctional Facility
Post Office Box 51
Comstock, New York 12821-0051

HON. ANDREW M. CUOMO                    ADELE M. TAYLOR-SCOTT, ESQ.
New York State Attorney General            Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

Plaintiff pro se Dennis Nelson ("Nelson"), an inmate in the custody of the New York

State Department of Correctional Services ("DOCS"), brings this action pursuant to 42

---

[1]This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

U.S.C. § 1983 alleging that defendants, four DOCS employees, violated his constitutional rights under the Eighth Amendment. Am. Compl. (Docket No. 5). Presently pending is defendants' motion to dismiss pursuant to 28 U.S.C. § 1915(g). Docket No. 23. Nelson opposes the motion. Docket No. 30. For the following reasons, it is recommended that defendants' motion be granted.

## I. Background

Nelson is intimately familiar with the litigation process, having filed over fifty federal actions in courts in the Second Circuit since 1996. See U.S. Party/Case Index (visited August 26, 2008) <http://pacer.uspci.uscourts.gov/cgi-bin/dquery.pl>; see also Nelson v. Lee, No. 05-CV-1096 (NAM/DEP), 2007 WL 4333776 (N.D.N.Y. Dec. 5, 2007) (detailing Nelson's extensive litigation history in the federal courts). Nelson's lawsuits all appear to relate to his incarceration in DOCS facilities. The instant amended complaint alleges that Nelson was denied adequate medical treatment for a serious gangrenous left leg condition which, he now asserts, requires amputation to prevent the infection from spreading to other vital organs and killing him. See Am. Compl.

## II. Motion to Dismiss

Nelson proceeds here in forma pauperis ("IFP"). Defendants seek dismissal of the amended complaint under 28 U.S.C. § 1915(g), which bars prisoners from proceeding IFP after three or more previous claims have been dismissed as frivolous, malicious, or for

2

failing to state a claim.  See 28 U.S.C. § 1915(g) (2006).² This "three-strikes" provision contains a narrow exception which permits suits, notwithstanding prior dismissals, when the prisoner is "under imminent danger of serious physical injury."  Id.

Here, Nelson "has filed twenty-two other civil rights actions in this District[, s]everal of [them] relat[ing] to the medical condition of his leg."  Nelson v. Spitzer, No. 07-CV-1241 (TJM/RFT), 2008 WL 268215, at *1 n.1 (N.D.N.Y. Jan. 29, 2008) (citing Nelson v. Lee, No. 05-CV-1096 (NAM/DEP), 2007 WL 4333776 (N.D.N.Y. Dec. 5, 2007); Nelson v. Roberts, No. 06-CV-518 (GLS/DRH) (N.D.N.Y. Aug. 9, 2006); Nelson v. Smith et. al., No. 06-CV-477 (GLS/GHL) (N.D.N.Y. Dec. 5, 2006)).  Additionally,

> [o]n April 21, 2004-well before the filing of this suit-District Judge Charles J. Siragusa, of the Western District of New York, issued an order in a similar action brought by the plaintiff in that court, finding that Nelson in fact had by that time already experienced three or more dismissals qualifying as "strikes" for purposes of section 1915(g).

Nelson v. Lee, No. 05-CV-1096 (NAM/DEP), 2007 WL 4333776, at *5  (N.D.N.Y. Dec. 5, 2007).  Following this binding precedent, it is clear that Nelson has had at least three cases previously dismissed as frivolous or failing to state a claim.  Id.

Nelson attempts to plead facts sufficient to place him within the imminent danger exception provided by 28 U.S.C. §1915(g) which is applicable "[w]hen a threat or prison condition is real and proximate, and when the potential consequence is 'serious physical injury.'" Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).  Under 28 U.S.C. §1915(g), the

---

² The three-strikes provision was adopted as part of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1995), which had as its principal purpose deterring frivolous prisoner litigation.  Nicholas v. Tucker, 114 F.3d 17, 19 (2d Cir. 1997).

danger must be present at the time the complaint was filed.  See Malik v. McGinnis, 293 F.3d 559, 562-63 (2d Cir. 2002).  A review of Nelson's amended complaint shows that he was not facing imminent danger.

Nelson claims that the denial of adequate medical treatment for his gangrenous leg requires amputation to prevent the infection from spreading and eventually killing him.  Am. Compl. ¶¶ 6-7.  However, as discussed supra, these allegations have been made and addressed multiple times in prior cases.  In Nelson v. Lee, the court denied Nelson the ability to utilize the imminent danger exception for his allegations of imminent danger due to the treatment of gangrene in his lower left leg as follows:

> [t]he question of whether allegations of th[is] nature . . .  meet the imminent danger exception . . . w[ere] previously addressed in . . . yet another civil rights action brought by him in the Western District of New York. In his decision in that case, District Judge Siragusa noted that the claim being raised, to the effect that medical personnel at the Attica Correctional Facility were failing to provide plaintiff with adequate treatment for his left leg and that he was facing amputation, was not new but instead was similar to claims raised in previously filed actions and did not establish the existence of imminent danger.

2007 WL 4333776, at *5  (N.D.N.Y. Dec. 5, 2007) (citing Nelson v. Conway No. 04-CV-6005CJS (Fe) (W.D.N.Y. Sept. 23, 2004)).  As previously determined, Nelson's current and identical complaints of frustration with the care he was receiving for his leg wound are neither new nor concurrent with the filing of the instant litigation.  Thus, it is clear that Nelson was not facing imminent danger at the time he filed his complaint and the exception does not apply.

Additionally, dismissal is not precluded by the fact that Nelson has already been granted IFP status in this action.  Docket Nos. 2, 4.  When a court becomes aware of three

4

prior strikes only after granting IFP status, it is appropriate to revoke that status and bar the complaint under § 1915(g).  See McFadden v. Parpan, 16 F. Supp. 2d 246, 247 (E.D.N.Y. 1998).

Therefore, it is recommended that the order granting IFP status to Nelson be vacated and that Nelson's amended complaint be dismissed unless he pays the filing fee of $350.00 within thirty (30) days of the entry of a final order by the district court.  Further, because of Nelson's extensive history of filing meritless lawsuits chronicled above, it is recommended that this Court preclude Nelson pursuant to 28 U.S.C. § 1915(g) from filing any IFP complaints in this district unless he is under imminent danger of serious physical injury.

### IV.  Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that defendants' motion to dismiss (Docket No. 23) be **GRANTED** and that:

    1. The order granting Nelson's IFP status (Docket No. 4) be **VACATED**;

    2. The complaint be **DISMISSED** as to all defendants and all claims unless Nelson pays the filing fee of $350.00 within thirty (30) days of the entry of a final order by the district court; and

    3. Nelson be **BARRED** from filing any IFP complaints in this district unless he is under imminent danger of serious physical injury; and

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE**

**REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: August 29, 2008
       Albany, New York

*/s/ David R. Homer*
United States Magistrate Judge