UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**DENNIS NELSON,**

                                      **Plaintiff,**

                                 **v.**                               **9:06-CV-1146 (NAM)(DRH)**

**MR. SCOGGY, Counselor; MS. L.GILLIS, Dept. of
BHU; MS. FRAISHER, Doctor; R. QUINN, C.O.,**

                                   **Defendants.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Dennis Nelson
Great Meadow Correctional Facility
Box 51
Comstock, New York 12821
Plaintiff, *Pro Se*

HON. ANDREW M. CUOMO, Attorney General, State of New York
Adele M. Taylor-Scott, Esq., Assistant Attorney General
The Capitol
Albany, New York 12224
Attorney for Defendants

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## BACKGROUND

      In this action under 42 U.S.C. § 1983, plaintiff, a New York State prison inmate, alleges that prison officials have been deliberately indifferent to his serious medical needs. Defendants move (Dkt. No. 23) for revocation of plaintiff's *in forma pauperis* ("IFP") status and for conditional dismissal of his complaint under 28 U.S.C. § 1915(g) ("section 1915(g)"), unless he prepays in full the applicable filing fee.

      Section 1915(g), concerning eligibility for IFP status, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Defendants argue that the action is based not on harm impending at the time of the complaint but rather on harms which have already occurred; thus plaintiff is not under imminent danger of serious physical injury and is not eligible for IFP status. *See Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). This is the sole issue on the motion. Plaintiff opposes the motion (Dkt. No. 30).

Defendants' motion was referred to United States Magistrate Judge David R. Homer pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3(c). In his Report and Recommendation (Dkt. No. 32), Magistrate Judge Homer recommends that the motion be granted on the ground that three or more inmate civil rights actions previously brought by plaintiff have been dismissed on the merits, and plaintiff makes no showing that he is in imminent danger of serious physical injury so as to qualify for IFP status under the exception in section 1915(g).

Plaintiff objects (Dkt. No. 33) to the Report and Recommendation. Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court reviews *de novo* those parts of a report and recommendation to which a party specifically objects. Where only general objections are filed, the Court reviews for clear error. *See Brown v. Peters*, 1997 WL 599355,*2-* 3 (N.D.N.Y.), *aff'd without op.*, 175 F.3d 1007 (2d Cir. 1999). Failure to object to any portion of a report and recommendation waives further judicial review of the matters therein. *See Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir. 1993).

The Court adopts Magistrate Judge Homer's recitation of the facts and law. For the

-2-

reason set forth below, however, the Court does not adopt Magistrate Judge Homer's recommendation that plaintiff's IFP status be revoked and his complaint conditionally dismissed unless he prepays the filing fee.

## DISCUSSION

Plaintiff does not deny that three or more inmate civil rights actions previously brought by him have been dismissed on the ground that they are frivolous, malicious, or fail to state a claim upon which relief may be granted. The issue before the Court on this motion is whether plaintiff has alleged that he is under imminent danger of serious physical injury so as to benefit from the exception to section 1915(g). Accordingly, the Court reviews plaintiff's submissions.

In the initial complaint (Dkt. No. 1), filed September 22, 2006, plaintiff alleges that on August 28, 2006, defendants interfered with his medical treatment and that on August 29, 2006, he was told he would lose his left leg to gangrene. He seeks monetary damages. He also, however, asks the Court to order that he be sent to a medical facility such as Coxsackie Correctional Facility "where [he] can get some better help[,]" or to Eastern Correctional Facility where he will be "in a wheelchair facility."

The amended complaint (Dkt. No. 5), filed November 29, 2006, refers to various past denials of medical care for his leg and asks for money damages. It also states that he asked Ms. Fraisher, apparently a physician, to "help [him] with his medical issue" because he has developed gangrene and cellulitis "within 4 month[s] of walking on a bad leg that drains every day and night and she tells me she can't help me." He adds: "I am in serious harm if I don't get the right treatment[;] the ganegreene [*sic*] will reach my heart and kill me[.]" [1]

---

[1] Also, in a submission filed November 16, 2007 (Dkt. No. 26) he claims that he has gangrene, the

In his opposition (Dkt. No. 30) to defendants' motion, plaintiff again alleges that the defendants interfered with his medical treatment and asks to be placed in Central New York Psychiatric Center to get "better treatment" for both his medical and mental health issues. Otherwise, he says, he needs "adequate medical care at Albany Medical Center." He attaches copies of photographs of his leg; while they are unclear, there appears to be a large area of injury or infection on the leg.

In his objection (Dkt. No. 33) to Magistrate Judge Homer's Report and Recommendation (Dkt. No. 32) plaintiff writes that he is in imminent danger of serious physical injury due to a "non-healing [chronic] leg ulcer" that is gangrenous. Thus, plaintiff claims that, at least as of September 6, 2008, the date of the objection, his complaints about his leg condition have not been resolved.[2]

The Court is aware of plaintiff's lengthy litigation history and his predilection for filing meritless lawsuits. It is also true, as Magistrate Judge Homer observed, that plaintiff's present action appears to be directed primarily towards recovering money damages for past harm. Reading plaintiff's submissions most liberally, however, this Court finds that, in addition to

---

leg is swollen and discolored, that he has discomfort walking and sleeping, and he is suffering from pain. He wishes to "avoid it from spreading up and down [his] lower left leg." This submission was stricken from the docket (Dkt. No. 27) due to plaintiff's failure to indicate that he served the submission on opposing counsel.

[2] This Court notes also that over nine months ago, it granted a section 1915(g) motion for vacatur of IFP status and conditional dismissal in another action by plaintiff relating to his leg. After noting that three or more inmate civil rights actions previously brought by plaintiff had been dismissed on the merits, the Court noted that, according to plaintiff, the hospital in his facility had scheduled surgery by an outside specialist to amputate his leg from the knee down, and that the sole remaining relief plaintiff sought was an order directing that the surgery be performed at Albany Medical Center. *Nelson v. Lee*, 2007 WL 4333776, *1 (N.D.N.Y. Dec. 5, 2007); *see also Nelson v. Nesmith*, 2008 WL 3836387 (N.D.N.Y. Aug. 13, 2008).

monetary damages, plaintiff seeks some type of injunctive relief to address the long-standing problem with his leg. Further, although his request for injunctive relief appears to be primarily motivated by his desire to select the facility where he will be treated, his submissions may be read more broadly to allege that he is in urgent need of treatment for a very serious medical condition.

On *de novo* review, construing the submissions in the light most favorable to plaintiff, the Court finds plaintiff has alleged imminent danger of serious physical injury sufficient to warrant denial of defendants' motion for revocation of plaintiff's *in forma pauperis* ("IFP") status and for conditional dismissal of his complaint under 28 U.S.C. § 1915(g), unless he prepays in full the applicable filing fee.

## CONCLUSION

It is therefore

ORDERED that the Report and Recommendation (Dkt. No. 32) of United States Magistrate Judge David R. Homer is adopted in part and rejected in part in accordance with this Memorandum-Decision and Order; and it is further

ORDERED that defendants' motion (Dkt. No. 23) is denied.

IT IS SO ORDERED.

September 24, 2008
Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge